UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL MERINO-CAVERO,<br><br>            Petitioner,<br><br>    v.<br><br>WARDEN, MESA VERDE DETENTION FACILITY,<br><br>            Respondent. | No.  1:26-cv-04583-DAD-CKD (HC)<br><br>ORDER RELATING AND REASSIGNING CASES, GRANTING PETITION IN THE HIGHER-NUMBERED CASE, AND DENYING THE PETITION IN THE LOWER-NUMBERED CASE AS MOOT |
| ANGEL MERINO-CAVERO,<br><br>            Petitioner,<br><br>    v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>            Respondents. | No.  1:26-cv-04769-DAD-AC<br><br>**New Case No.  1:26-cv-04769-DAD-CKD** |

An examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123(a).  Accordingly, assignment of the above-captioned actions to the same district judge and magistrate judge will promote substantial efficiency and economy for the court and is likely to be convenient for the parties.

An order relating cases under this court's Local Rule 123 merely assigns them to the same district judge and magistrate judge—it does not consolidate the cases.  The local rules of this district authorize the judge with the lowest numbered case to order the reassignment of any higher numbered cases to himself or herself, upon determining that this assignment is likely to effect a

1

savings of judicial effort.  L.R. 123(c).  Such good cause appearing here, the court orders that Case No. 1:26-cv-04769-DAD-AC shall be reassigned to the undersigned and Magistrate Judge Carolyn K. Delaney.  The caption on documents filed in the reassigned case shall be shown as: 1:26-cv-04769-DAD-CKD.  It is further ordered that the Clerk of the Court make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

The court now addresses the motion for temporary restraining order in the case now numbered 1:26-cv-04769-DAD-CKD.  All docket citations in this order are in reference to that action.

On June 22, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").[1]  (Doc. No. 2.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 3.)  On June 23, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cases that this court has decided.  (Doc. No. 6.)

On June 24, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 9.)  In that opposition, respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (Doc. No. 9 at 2–4), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents argue that this court's prior cases are distinguishable because petitioner "has criminal history."  (Doc. No. 9

---

[1]  On June 22, 2026, petitioner through counsel filed a motion to proceed *in forma pauperis*. (Doc. No. 1.)  This application does not contain sufficient information regarding petitioner's financial situation for this court to ordinarily decide that motion.  (*Id.*)  However, petitioner filed a *pro se* motion to proceed *in forma pauperis* in the lower-numbered action.  No. 1:26-cv-04583-DAD-CKD, Doc. No. 2.  This application contains the requisite information and on June 22, 2026 was granted by the assigned magistrate judge.  No. 1:26-cv-04583-DAD-CKD, Doc. Nos. 2, 6. Accordingly, the court will grant petitioner's motion to proceed *in forma pauperis* in the higher-numbered case as well (Doc. No. 1), but cautions petitioner's attorney that deficient *in forma pauperis* applications in future actions may result in the dismissal of those actions without prejudice for failure to pay the required filing fee.

2

at 1.)  This is simply incorrect:  one of the cases cited in the court's prior order (Doc. No. 6) is *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the petitioner had been previously arrested and was facing pending charges for driving under the influence at the time of his re-detention by immigration authorities.[2]

The court's June 9, 2026 order also directed respondents, if they opposed the court ruling on the underlying petition based upon the briefing currently before it, to so indicate and provide substantive reasons in support of respondents' position in this regard in their opposition.  (Doc. No. 6.)  Respondents did not state any opposition to this court ruling on the underlying petition on the current briefing in their opposition.  (Doc. No. 9.)  Accordingly, the court will resolve the merits of the underlying petition based upon the briefing presently before it in this order.

Based upon a review of the briefing, the court finds the following facts.  On an unknown date, petitioner entered the United States.  (Doc. No. 1 at ¶ 18.)  On February 27, 2018, petitioner encountered immigration authorities and was detained by them.  (*Id.* at ¶ 21.)  In June 2018, petitioner was released by those immigration authorities on bond.  (*Id.* at ¶ 22.)  On October 8, 2025, petitioner was re-detained by immigration authorities.  (*Id.* at ¶ 25.)

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release.  Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), an argument which the court has already rejected.  Respondents argue that a pre-deprivation hearing is not required if petitioner's re-detention stemmed from an encounter with law enforcement.  (Doc. No. 9 at 4.)  Respondents provide no legal authority for this proposition, nor do they explain how that circumstance would compel a different result than that reached by this court in *Ayala Cajina*.  Respondents also argue that under 8 U.S.C. § 1226(a) a pre-deprivation hearing is not required prior to detention.  (*Id.*)  However, as this court and a majority

---

[2]  Respondents' counsel is encouraged to review the caselaw cited in the court's orders to avoid such future misrepresentations.

of other district courts have repeatedly explained, a pre-deprivation hearing is typically required prior to the *re-detention* of a previously released detainee. *Singh v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-01973-DAD-CSK, 2026 WL 1328588, at *2–3 (E.D. Cal. May 13, 2026) (collecting cases). Respondents do not identify an alternative statutory basis for petitioner's detention.[3] Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Angel Merino-Cavero, A-File No. 079-394-058, from respondents' custody on the conditions, if any, he was subject to prior to his detention on October 8, 2025;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting his petition on the merits;

3. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 1) is GRANTED;

/////

---

[3] Respondents note that an immigration judge denied petitioner in bond in part on the basis of mandatory detention pursuant to 8 U.S.C. § 1226(c), but concede that the criminal charge which served as the basis for that ruling "has been rejected[.]" (Doc. No. 9 at 2.) Respondents therefore "do not argue that petitioner is detained under § 1226(c)." (*Id.*) The court therefore does not consider whether petitioner's detention is authorized by 8 U.S.C. § 1226(c).

4

4.      Petitioner's petition for writ of habeas corpus in the case numbered 1:26-cv-04583-DAD-CKD is DENIED as having been rendered moot in light of this order;

5.      The Clerk of the Court is directed to close the case numbered 1:26-cv-04583-DAD-CKD;

6.      The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Center; and

7.      The Clerk of the Court is also directed to, in the case now numbered 1:26-cv-04769-DAD-CKD, ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 25, 2026**                         _____
                                                    DALE A. DROZD
                                                    UNITED STATES DISTRICT JUDGE